**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**TANIKA BEAULIEU,**

          Plaintiff,

   v.

**NEWQUEST MANAGEMENT OF
ILLINOIS, LLC,**

          Defendant.

No. 17-cv-05672

Honorable Rebecca R. Pallmeyer

Magistrate Judge Daniel G. Martin

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

### I. PRELIMINARY STATEMENT

Since discovery in this matter commenced, NewQuest has produced the following to

Plaintiff:

- **1,111 pages of documents and emails that directly relate to Plaintiff's claims against NewQuest, including: internal complaints of discrimination and retaliation lodged by Plaintiff and other employees; NewQuest's responses to those complaints; emails addressing the internal handling of Plaintiff's complaints about her supervisors; documents demonstrating Plaintiff's performance during her employment with NewQuest; complaints concerning Plaintiff's alleged harassment of her co-workers and NewQuest's customers**[1];
- **112 pages of documents responsive to Plaintiff's Requests**.

NewQuest has not "wrongfully withheld information" from Plaintiff. Indeed, <u>15 business days</u>

before Plaintiff filed her Motion to Compel, Plaintiff – after listening to an explanation of why

NewQuest objected to her Requests – agreed to narrow a number of her Requests, and withdraw

others. Counsel for NewQuest subsequently informed Plaintiff that NewQuest is willing to

---

[1] In her Motion to Compel, Plaintiff seems to claim that she has been unable to open the compact disc ("CD") NewQuest provided containing these emails. (Pl.'s Mot. to Compel at p. 3.) This is the first time Plaintiff has raised this issue. If Plaintiff is unable to open the documents on the CD using the written instructions that counsel for NewQuest provided when they sent the CD, counsel for NewQuest are happy to speak with Plaintiff to provide any further instructions she may need.

provide documents in response to the majority of her narrowed Requests, and NewQuest is working on compiling its responses. (**Ex. A**, July 30 Letter at p. 3.) Yet, Plaintiff still chose to file a Motion to Compel, in which she claims NewQuest "won't turn over [] evidence" but tellingly does not explain what "evidence" NewQuest has refused to turn over.[2]

## II. RESPONSE

### A. NewQuest Is Not Withholding Information; NewQuest Objected To Plaintiff's Initial Set Of Requests, But Agreed To Produce Information Following The Parties' Meet-and-Confer That Took Place 15 Business Days Before Plaintiff Filed Her Motion to Compel.

NewQuest was initially forced to object, and not respond, to 10 of Plaintiff's 12 Requests because they were overly broad. The Requests NewQuest objected to included:

- A request for all emails sent/received in a two-year period by all customer service representatives at the location in which Plaintiff was employed;

- A request for all [instant message] "chats" that were "opened or started" by any employee in the "Service dept" for a two year period at the location in which Plaintiff was employed (regardless of the issue discussed);

- A request for two years of video footage from inside the location at which Plaintiff was employed.

NewQuest anticipated that Plaintiff may view its legal objections to be an obstructionist tactic, based on her unfamiliarity with the discovery process, and so counsel for NewQuest served NewQuest's responses with a written request for Plaintiff to provide her availability for a telephone conference to discuss NewQuest's objections. (**Ex. B**, July 6 Letter.) This led to the parties engaging in a meet-and-confer on July 11, 2018, during which Plaintiff agreed to significantly narrow the scope of eight Requests, and withdraw two.

Following the meet-and-confer, counsel for NewQuest conferred with their client, and informed Plaintiff that NewQuest is willing to respond to the majority of Plaintiff's narrowed

---

[2] NewQuest expects to provide Plaintiff with its responses to her narrowed document production requests within 14 days of this filing.

Requests. Since then, NewQuest has been working with its counsel to gather documents responsive to Plaintiff's Requests, and NewQuest expects to provide Plaintiff with responses to her narrowed requests within 14 days of this filing.

**B.     NewQuest Has Not Delayed This Matter; NewQuest's Responses To Plaintiff's Requests Were Timely, And NewQuest Has Already Produced Over 1,200 Pages Of Relevant Information.**

Plaintiff's contention that NewQuest has "tr[ied] to delay" this matter is belied by the representations in her Motion. Exhibits B and C to Plaintiff's Motion confirm that NewQuest served its written responses to Plaintiff's Requests on July 6, 2018; 30 days after Plaintiff served them. (*See* Pl.'s Mot. to Compel, Exs. B and C at pp. 13, 19.) Furthermore, as explained above, NewQuest has already produced over 1,100 pages of emails that directly relate to Plaintiff's claims, and another 112 pages of documents that Plaintiff explicitly requested. (**Ex. C**, July 23 Letter.)

The extension of time that NewQuest requested was to the 40-day period in which NewQuest was required to provide Plaintiff with ESI under the Court's MIDP Standing Order (**Ex. D**, July 2-3 Email Correspondence.)[3] As counsel for NewQuest tried to explain to Plaintiff, the extensive number of allegations and individuals named in Plaintiff's Amended Complaint necessitated a comprehensive ESI search that required a significant time commitment. Notably, in her communications with counsel for NewQuest, Plaintiff has conveyed that NewQuest's ESI production is not important to her. (*See, e.g.,* **Ex. E**, July 21 Email Correspondence; *see also* **Ex. F**, July 23 Email Correspondence.)

---

[3] Pages 2 and 3 of Plaintiff's Motion include a purported timeline of the parties' communications over the past two months regarding NewQuest's responses to Plaintiff's discovery requests. Plaintiff's description is not accurate. The exhibits to this Response provide an accurate chronology of the parties' communications – and the substance of those communications – in connection with Plaintiff's discovery requests and her responses to NewQuest's requests.

## C. NewQuest Continued Plaintiff's July 31 Deposition Because NewQuest Is Still Waiting For Plaintiff To Complete Her Discovery Production.

To the extent that Plaintiff is contending that NewQuest's request to continue her July 31 deposition delayed this matter, her complaint is disingenuous. On July 9, 2018, counsel for NewQuest sent Plaintiff a letter detailing the numerous deficiencies in her written discovery responses and production. (**Ex. G**, July 9 Discovery Deficiency Letter.) During the parties' July 11, 2018 meet-and-confer, counsel for NewQuest explained to Plaintiff that her deposition would likely need to be continued as a result of these deficiencies, as NewQuest needed sufficient time to review the supplemental documents and information that Plaintiff would provide in response to NewQuest's deficiency letter. (*See, e.g.,* **Ex. H**, July 26 Email Correspondence.)

On July 30, counsel for NewQuest sent Plaintiff a second letter, again requesting that she supplement her discovery responses to provide all of the information requested by NewQuest. (*See* **Ex. A**.) Notably, on July 31 (the date on which Plaintiff's deposition was previously scheduled), Plaintiff provided counsel for NewQuest with executed authorizations for NewQuest to obtain medical records from two of her physicians. This is obviously information that counsel for NewQuest needed in order to take Plaintiff's deposition.

At the time of filing this Response, Plaintiff's discovery responses remain deficient. (*Id.*)

### III. CONCLUSION

For all of these reasons, Defendant requests that this Court deny Plaintiff's Motion to Compel.

[Signature follows on next page]

-4-

Dated: August 6, 2018                   Respectfully submitted,

                                          **NEWQUEST MANAGEMENT OF ILLINOIS, LLC**

                                          */s/ Kwabena A. Appenteng*

                                             *One of its attorneys*

Kwabena A. Appenteng
Keemya Maghsoudi
**LITTLER MENDELSON, P.C.**
321 N. Clark Street
Suite 1000
Chicago, IL 60654
(312) 372-5520

## CERTIFICATE OF SERVICE

Keemya Maghsoudi, an attorney, hereby certifies that on August 6, 2018, she caused a copy of the foregoing ***Defendant's Response to Plaintiff's Motion to Compel Production of Documents*** to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which sent notification via electronic mail of such filing to the following ECF participant:

> Tanika Beaulieu
> 1131 E. 165th Street
> South Holland, IL 60473
> *tross@student.kcc.edu*

> /s/ *Keemya Maghsoudi*
> *One of the attorneys for Defendant*

Firmwide:156281103.4 072174.1011