

IN THE UNITED STATES DISTRICT COURTS

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| TANIKA BEAULIEU, | |
| Plaintiff, | No. 17-cv-05672 |
| vs. | Honorable Rebecca R. Pallmeyer |
| NEWQUEST MANAGEMENT OF ILLINOIS, LLC., | |
| Defendant. | |

**REVISED MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW, pro se Plaintiff and submits its Opposition to Motion for Summary Judgment, in accordance with Fed.R.Civ.P. 56

**FACTUAL BACKGROUND AND ARGUMENT**

I begun working for NewQuest Management on August 11, 2014. I was hired as a Customer Service Representative. My job responsibilities consisted of answering inbound calls from members and providers to discuss members policy or provider claim. Upon completing training in October 2014 I was then placed on Juan Salas team.

From the very beginning Juan Salas, immediately, started attacking me in front of my peers. He addressed me in a loud, harsh, demeaning, embarrassing tone. He told me I was stupid and needed retraining. In November 2014 he called me into a private room and begin to unwantedly touch, spit on me, and verbally attack me. He admits in deposition he called me in this office and no one accompany us ( Dep pg 8, 14.) Case

law establishing adverse employment actions *Brewer v. Miller Brewing Co. 5:93CV01600 ( N.D.N.Y. ) In this case, 97 former employees harmed by coworker racial harassment shared a $2.7 million settlement.*

During this time no one was directly over Juan Salas so he was in charge. I later learned his manager name was Claudia Vasquez and she was located in Texas. I obtained her number and proceed to contact her and inform her of what has been going on.

I tell her Juan Salas calls me into these private rooms and I feel violated due to him unwantedly touching and spitting on me. I tell her I do not understand why he treats me like this, why he feels im stupid, or why he harassess me. I tell her the reason he has given me for these meetings is to discuss my monthly scorecards, which details if im meeting company standards. I tell her, the grade he's giving me is high 80's and she then informs me that a score like that doesn't warrant a private meeting and that she would talk to him. Case law establishing adverse employment actions *Dowdell v. Ona Corp- U.S. District Court of Alabama. in this case, 142 former black employees harmed by coworker racial harassment shared a $2.5 million settlement.*

After talking to Claudia Vasquez, Juan Salas begin to retaliate. He would on a daily basis start laughing, sigh loudly, make inappropriate jokes, or comments to imply I was stupid. Case law establishing adverse employment actions *Edwards v. City of Houston – U.S. District Court for the Southern District of Texas and the U.S. Court of Appeals for the Fifth Circuit. This case was settled in 1993, but intervenors came into the case and fought the settlement for about ten years. The class action settlement provided 106 remedial promotions to African-American police officers harmed by discriminatory promotional tests. The case was so hard-fought that It had five oral arguments in the Fifth Circuit Court of Appeals. One of the arguments was en banc, meaning all 17 judges participated in the hearing and decision.*

On April 9, 2015. Juan Salas yelled on the floor in front of my peers demanding to know where I been. I quietly stated I was in the restroom and Juan Salas begin to attack me again and told me I better hold it in next time, and wait until im off from work. When he was done harassing me he walked through the call center speaking to himself replaying what just happen. Now everyone knows I was in the restroom for 15 minutes. I notify Claudia Vasquez again (Exhibit 1) and on 4/13/2015, she switched my supervisor and I began reporting to Francine Dower. Juan Salas agreed to communicate to me through

Claudia Vasquez until the matter was resolved. Case law establishing adverse employment actions *Prince v. Electrolux Home Products, Inc., No. 13-cv-02316, mem. Op. (D. Minn., Beb. 14, 2014). In this case the court found sufficient pleadings for both the MOSHA claim and the state-law restroom breaks claim.*

Starting in July 2015, I realized my peers directly near me was only taking member calls and I was the only one taking provider calls. Member calls were typically shorter and less challenging and they were sparingly. Where as provider calls were more lengthier, require additional skill set and has a more consistent stream of calls. Case law establishing adverse employment actions *Sledge v. J.P. Stevens and Co U.S. District Court for the Eastern District of North Carolina and the U.S. Court of Appeals for the Fourth Circuit. In this case about 2,900 class members shared a $20 million settlement of their claims of racial discrimination in hiring and job assignments at plants and offices in Roanoke Rapids, North Carolina.*

Also in July 2015, I learned NewQuest provided bonuses to its Hispanics employees on the members team but did not issue bonuses to myself or other African American employees on the provider team. (Exhibit 9) Federal law establishing adverse employment action is *The right of employees to be free from discrimination in their compensation is protected under several federal laws, including the following enforced by the U.S. Equal Employment Opportunity Commission: the [Equal Pay Act of 1963](), [Title VII of the Civil Rights Act of 1964](), the [Age Discrimination in Employment Act of 1967](), and [Title I of the Americans with Disabilities Act of 1990](). The law against compensation discrimination includes all payments made to or on behalf employees as remuneration for employment. All forms of compensation are covered, including salary, overtime pay, bonuses, stock options, profit sharing and bonus plans, life insurance, vacation and holiday pay, cleaning or gasoline allowances, hotel accommodations, reimbursement for travel expenses, and benefits.*

In September 2015, I interviewed for a Senior Analyst position. My interviewer was Juan Salas and Francine Dower. I couldn't understand why Juan Salas was able to interview me for this because our matter had not resolved and he agreed to not communicate with me without going through Claudia Vasquez first. Now Juan Salas had emails directly from me informing him of being racist to me. and he was also made aware when Claudia Vasquez spoke with him. (Exhibit 1) During this interview Juan Salas implied I was stupid again and other peers had higher scores than I,and was likely more

suitable for the position. At the end of the interview. I hear Juan Salas tell Francine Dower "you know y'all people" and they began to laugh. I never received the promotion. And shortly afterwards I noticed Juan Salas was demoted to the Senior Analyst. Case Law establishing adverse employment action *Lewis v. Bloomsburg Mills* – *U.S. District Court for the District of South Carolina, and the U.S. Court of Appeals for the Fourth Circuit. The U.S. Court of Appeals for the Fourth Circuit held that there was racial discrimination against black applicants at a South Carolina textile mill, and sent the promotion issues back to the trial court for a new look. The case was eventually settled.*

In November 2015, Luis Potelo, Director of customer service comes into town to meet with myself and Juan Salas. He ask what has been going on and I share with him. He then tells me "He knows Juan Salas and he's not racist, that its in my head" He dismisses me and leaves out his office takes a seat next to my cubicle and begin to intimidate and humiliate me and only me in front of my peers. Asking me to explain the call when the call was over. He does this every time he comes to town for days at a time. He no longer takes an office when he visits, he grabs a seat near me. One day as he was leaving my back was turned to him. He placed his hand on my shoulder and leaned in and told me he was leaving but will return. I felt violated again for touching me after I explained I didn't like touching and not to mention threaten. Case law establishing adverse employment action *Kohne v. Imco Container Company* – *U.S. District Court for the Western District of Virginia. This was a small sex discrimination class action for women working at a plastic bottle manufacturing and decorating plant in Harrisonburg, Virginia. The court found that the company had discriminated against women in initial assignments and in promotions. The case was settled in 1981 for $210,000 in back pay and interest, and changes in company practices.*

On November 16, 2015, I learned Newquest paid its Hispanic employee Melissa Anderson $4,000 (Exhibit 12) more than African Americans doing the same job. Myself and other African Americans were told by Juan Salas during the interview that we could not negotiate our salary, regardless of our experience. Federal Law establishing adverse employment action ie *The right of employees to be free from discrimination in their compensation is protected under several federal laws, including the following enforced by the U.S. Equal Employment Opportunity Commission: the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Title I of the Americans with Disabilities Act of 1990.*

Between Christmas and New Years 2015 another department director Cyanne Demchak sent an email (Exhibit 20) informing everyone the office was closing at 2 p.m. Luis Potelo sends an email right afterwards informing customer service department that we must remain open. He stated that were under different guidelines and we must take calls.

However, when Cyanne Demchak sent the email stating office was closing Luis Potelo instructed workforce manager Keith Newell to send all the Hispanic peers home at that time.(Exhibit 20) When 2 p.m. came everyone was gone except myself and two other African Americans sitting next to me. Along with Neida Zavala who was acting supervisor and Keith Newell workforce manager. I noticed that they turned the lights out on us, and I see the janitor sweeping up. I request to go home and no one listen. I also notice that the work from home peers had logged out of the chats and no one else was working but us. After *hours* I was then allowed to go home. Case Law establishing adverse employment actions again *Sledge v. J.P. Stevens & Co.* – *U.S. District Court for the Eastern District of North Carolina and the U.S. Court of Appeals for the Fourth Circuit.*

On February 24, 2016, Chicago has experienced continued snowfall. Roads were dangerous and all over the news was stating avoid going out. I take the day off along with four other peers because Newquest has work from home employees put in place for situations like this. I return to work the next day to receive a occurrence for taking that weather day off and learned that Newquest had allowed employees to leave early the same day for the same reason with no occurrences. Federal law that establishes adverse employment action ie *Title VII of the Civil Rights Act of 1964*, *The law's prohibition against retaliation is just as important as its prohibition against discrimination. Retaliation is the most frequently alleged basis of discrimination in the federal sector and the most common discrimination finding in federal sector cases. The EEO laws prohibit punishing job applicants or employees for asserting their rights to be free from employment discrimination including harassment. Asserting these EEO rights is called "protected activity," and it can take many forms.*

Finally, in February 2016, I requested every Monday off in the month of March to see my neurologist for my daily work-related stress headaches. I was approved. However, when I took the first Monday off I was label a no call, no show, and was told I was being let go. (Exhibit 2,11) I immediately notified HR and they confirmed I had the time approved. I notify Francine Dower and Susan Brown that they made a mistake and shortly afterwards all my time was previously granted was then taken back. I suffered in

that moment a panic attack in addition to an asthma attack. Due to health scares and being told that I was being fired I submitted my resignation letter. Federal law establishing adverse employment action ie *Title VII of the Civil Rights Act of 1964*, *The law's prohibition against retaliation is just as important as its prohibition against discrimination. Retaliation is the most frequently alleged basis of discrimination in the federal sector and the most common discrimination finding in federal sector cases. The EEO laws prohibit punishing employees for asserting their rights to be free from employment discrimination including harassment. Asserting these EEO rights is called "protected activity," and it can take many forms. ,*

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party is entitled to judgment as a matter of law. CR 56(c). Defendants argue they are entitled to summary judgment here because they claim I cannot show evidence of adverse employment action. But a hostile work environment exists in violation of Title VII where the workplace is permeated with discriminatory intimidation, harassment, physical assault, ridicule, retaliation, and insult that is sufficiently severe or pervasive to alter the conditions of my employment and create an abusive working environment. *Harris v. Forklift Sys., Inc., 510 U.S. 17, 20 (1993).*

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. In determining summary judgment is whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party." *Judicial Watch, Inc. v. Consumer Financial Protection Bureau, 985 F. Supp. 2d 1, 6 (D.D.C. 2013)*

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his or her favor" *Liberty Lobby, Inc., 477 U.S. at 255.*

This is equally true here, as all underlying facts and inferences are displayed in the light most favorable to the requester.

**CONCLUSION**

FOR THE ABOVE STATED REASONS, a genuine issue of material fact remains in the above-captioned matter. WHEREFORE, Plaintiff respectfully requests this Court deny the opposing party's Motion for Summary Judgment in its entirety.

DATED this _____ day of _____, 20____.

Respectfully Submitted

Tanika Beaulieu

RECEIVED

2019 FEB -1 PM 4: 33

CLERK
U.S. DISTRICT COURT